**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 1, 2022[*]
Decided April 1, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3001

| | |
|---|---|
| TANIKA BEAULIEU, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-05672 |
| NEWQUEST MANAGEMENT OF ILLINOIS, LLC, *Defendant-Appellee.* | Martha M. Pacold, *Judge.* |

**O R D E R**

Tanika Beaulieu resigned from NewQuest Management of Illinois, LLC, and then sued the company for race discrimination and retaliation. *See* 42 U.S.C. §§ 2000e-2, 2000e-3. She accuses the company of harassing her and denying her a promotion, better pay, and more benefits. Beaulieu disobeyed the court's rules when responding to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

NewQuest's statement of facts in its motion for summary judgment, and the district court entered summary judgment for NewQuest. On appeal, Beaulieu contends that the judgment is wrong because a court reporter altered a deposition transcript and the judge did not assess all the evidence. But the charge of alteration is unsubstantiated and the material evidence undisputedly warrants judgment for NewQuest; thus we affirm.

We review the entry of summary judgment de novo, construing the record evidence in Beaulieu's favor. *See Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572 (7th Cir. 2021). Beaulieu, who identifies herself as African-American, worked in customer service at NewQuest, a healthcare management company. She contends that she was racially harassed soon after she started working at the company in 2014. At that time, she reported to Juan Salas, a Hispanic man. According to Beaulieu, Salas called her stupid, yelled at her in front of peers, and sat so close to her at meetings that his spit landed on her as he talked. When she later reported to a new supervisor, Beaulieu says that Salas still scolded her before her peers and chastised her about unscheduled breaks. (Beaulieu also says that a director touched her back, criticized her, and may have prank-called her.) Deeming Salas a racist, Beaulieu complained to management about him.

Beaulieu also contends that NewQuest denied her a promotion, pay, and other benefits. She interviewed for the promotion, but NewQuest hired a different African-American woman. Before it made that decision, Beaulieu had overheard two words ("your people") used in an unknown context as Salas, one of the interviewers, spoke to the other interviewer, an African-American manager. Beaulieu also says that NewQuest paid her less than a Hispanic employee who had worked at the company longer. Finally, Beaulieu did not receive some discretionary benefits. First, nine customer-service workers received bonuses (four were African-American), but Beaulieu did not. Second, some employees (but not Beaulieu) could work from home or sometimes leave early on holidays. NewQuest permitted employees to work from home if they met performance-based criteria, had a work area at home, and could support NewQuest's technology. At least six African-American employees met these criteria during Beaulieu's employment. Relatedly, NewQuest reprimanded Beaulieu for skipping work entirely on a day when, because of inclement weather, NewQuest allowed workers who showed up to leave early.

Beaulieu resigned in March 2016. Before she resigned, she had missed work for an approved medical appointment; NewQuest mistakenly recorded the absence as a "no-show" and fired her. It quickly acknowledged its mistake and restored her employment status. Shaken by the experience, Beaulieu resigned anyway.

Beaulieu sued NewQuest alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. When NewQuest moved for summary judgment, Beaulieu opposed NewQuest's statement of facts, but she did not comply with Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56.1(b)(3). Therefore, the district judge permissibly ruled, Beaulieu's unsupported assertions did not create disputed questions of fact. *See Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009). In her response, Beaulieu argued that the court reporter had altered the transcript of Salas's deposition at NewQuest's direction. Beaulieu wanted the court reporter to "release the tape" of the deposition, but she did not deny that she received it. On the substance, the judge ruled that Beaulieu's claims about harassment and the denial of promotion, bonus, and other benefits failed because, among other problems, no evidence suggested that these actions were motivated by her race or complaints of discrimination. The judge also ruled that the evidence did not support Beaulieu's claim that she was constructively discharged.

On appeal, Beaulieu argues that the judge ignored some evidence that supports her claims. First, she maintains in a declaration that the court reporter altered several parts of the transcript of Salas's deposition. Yet she never swears to what statements from Salas the court reporter omitted, as she must in order to create a disputed fact. *See* FED. R. CIV. P. 56(c)(4). Instead, she declares that Salas testified that another manager made a racially motivated joke, but this is not evidence of the transcript's alteration because in his deposition Salas conceded so much. Second, Beaulieu argues that she did not receive some discovery that she requested from NewQuest. But she does not specify the discovery that she needed or why it was material. Therefore, this argument goes nowhere. *See Williams v. Bd. of Educ.*, 982 F.3d 495, 511 (7th Cir. 2020).

Beaulieu next argues unpersuasively that the judge improperly "weighed" the evidence that she considered. We begin with the claim of race discrimination, which required Beaulieu to supply evidence that her race motivated NewQuest's actions. *See Khungar*, 985 F.3d at 573. Beaulieu furnished nothing suggesting that the unpleasantness she described (name-calling, scolding, close encounters, discipline), the privileges she did not receive (remote-work, extra time off), or the denial of promotion and more pay occurred because of her race. For example, Beaulieu did not show that any hostility she attributes to managers was directed against only workers of her race. And because Beaulieu did not assert that someone's stray racial joke affected the performance or oversight of her work, it cannot support her claim. *See Gorence v. Eagle Food Ctrs., Inc.*, 242 F.3d 759, 762 (7th Cir. 2001). Nor did Beaulieu contradict, as she

must, NewQuest's evidence that it extended remote-work privileges only to employees who met its race-neutral criteria. Likewise, no evidence suggests that the ambiguous comment she overheard (about a manager's "people") after she interviewed for the promotion—which went to an African American—was about race. Finally, the undisputed evidence shows that pay differences and bonuses (which were also awarded to African Americans) were based on tenure and performance.

Beaulieu has similarly not presented sufficient evidence for a reasonable factfinder to conclude that NewQuest retaliated against her because she complained about discrimination. *See Khungar*, 985 F.3d at 578. All that she can point to is "suspicious timing" between her complaints and the various incidents over the next year that she describes. But given the delay between her complaints and the adverse events, timing is not enough here to support an inference of retaliation. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012).

Finally, the judge correctly ruled that Beaulieu did not support her constructive-discharge claim. The workplace she describes, combined with NewQuest's quickly corrected mistake about her "no-show," did not suggest that race doomed her employment prospects; nor was it an environment so unbearably racially charged that she had to resign. *See Fischer v. Avanade, Inc.*, 519 F.3d 393, 409–11 (7th Cir. 2008).

AFFIRMED